UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DENNISSE A.,

                           Plaintiff,

                  v.

COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

<u>DECISION AND ORDER</u>

21-CV-0434L

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On August 30, 2019, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since May 15, 2018. (Administrative Transcript, Dkt. #8 at 16). Her applications were initially denied. Plaintiff requested a hearing, which was held February 20, 2020 via videoconference before Administrative Law Judge ("ALJ") Carl E. Stephan. The ALJ issued an unfavorable decision on April 7, 2020 (Dkt. #8 at 16-27). That decision became the final decision of the Commissioner when the Appeals Council denied review on January 29, 2021. (Dkt. #8 at 1-4). Plaintiff now appeals.

      The plaintiff has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c) and requests remand of the matter for further proceedings (Dkt. #11), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings. For the reasons set forth below, the

plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, and concluded that plaintiff had the severe medical impairment of cervical disc disease. (Dkt. #8 at 18). Although plaintiff's medical records also included diagnoses of and/or treatment for degenerative lumbar disc disease, lumbar disc herniation, asthma, the ALJ determined that these were not severe impairments.

Because plaintiff also claimed to suffer from depression, the ALJ applied the special technique for mental impairments. He concluded that plaintiff has a mild limitation in understanding, remembering, or applying information, no limitation in interacting with others, a mild limitation in concentration, persistence and pace, and no limitation in adapting or managing herself. (Dkt. #8 at 21). He accordingly found plaintiff's mental health impairments to be non-severe, but indicated that his RFC finding "reflects the degree of limitation" determined by application of the special technique. (Dkt. #8 at 22).

Plaintiff was 39 years old on the alleged onset date, with a limited education and no past relevant work, due to the short-lived and sporadic nature of prior jobs. (Dkt. #8 at 26). The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work, with

no more than occasional climbing of stairs or ramps, balancing, stooping, kneeling, crouching, crawling, and reaching overhead with either arm. She can never climb ladders or scaffolds, and must avoid respiratory irritants. (Dkt. #8 at 22).

The ALJ concluded that the limitations in this RFC "ha[d] little or no effect on the occupational base of unskilled light work," and accordingly applied the Medical-Vocational Guidelines (the "Grids") to find plaintiff not disabled. (Dkt. #8 at 26).

I.   **Medical Opinions of Record**

Plaintiff contends that the ALJ erred in his assessment of the medical opinions of record with respect to plaintiff's mental RFC, and that his rejection of all of those opinions resulted in an RFC determination that was unsupported by substantial evidence, and resulted from the substitution of layperson opinion for competent medical opinion.

The Court concurs.

Pursuant to recent amendments to agency regulations, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§404.1520c(a), 416.920c(a). Rather, the Commissioner will consider all medical opinions in light of five factors: (1) supportability; (2) consistency with other evidence of record; (3) the source's relationship with the claimant, including the length of the treatment relationship, the frequency of examinations, and the nature, purpose and extent of the treating or examining relationship; (4) area of specialization; and (5) any other factors that "tend to support or contradict a medical opinion or prior administrative medical finding." *Id*. at §§ 404.1520c(c), 416.920c(c).

The ALJ must articulate his consideration of the medical opinion evidence, including how persuasive he finds the medical opinions of record, and must specifically explain how the

supportability and consistency factors were weighed. *See Salleh D. v. Commissioner*, 2022 U.S. Dist. LEXIS 427 at *9-*11 (W.D.N.Y. 2022). "Although an ALJ may afford various weights to portions of a medical source opinion, the ALJ is still required to provide reasoning to support [his or] her various weight determinations," in order to permit meaningful judicial review. *Yasmine P. v. Commissioner*, 2022 U.S. Dist. LEXIS 154176 at *10 (W.D.N.Y. 2022).

A.     **Medical Opinions Regarding Plaintiff's Exertional RFC**

The record contained two opinions assessing plaintiff's exertional RFC. Consulting internist Dr. John Schwab examined plaintiff on November 21, 2018. Objective findings were normal except for limited range of cervical spinal motion in all directions, and limited range of motion in the right shoulder. Dr. Schwab assessed "marked" restrictions in moving the head in any direction or raising objects above shoulder height, and cautioned that plaintiff should avoid respiratory irritants that trigger asthma. (Dkt. #8 at 447-50). Reviewing medical consultant Dr. J. Poss examined the record, and determined that plaintiff could perform the demands of light work, with occasional engagement in postural activities, occasional overhead reaching, and avoidance of respiratory irritants. (Dkt. #8 at 68-71).

The ALJ found Dr. Schwab's opinion "not persuasive," due to the fact that it was based on a one-time examination, appeared to reflect "subjective reports," and was "inconsistent" with unspecified treatment records. (Dkt. #8 at 25). The ALJ found Dr. Poss's opinion "generally persuasive," but felt that the "limitations appear somewhat overstated and not totally consistent" with unspecified medical evidence of record. *Id*.

Initially, the ALJ's finding that the head-turning and/or reaching limitations indicated by Dr. Schwab and/or Dr. Poss were "inconsistent" with plaintiff's treatment records, or were simply the result of subjective reports, was factually erroneous. Not only did Dr. Schwab make a specific

4

objective assessment that plaintiff's cervical range of motion was limited, but as the ALJ noted earlier in the decision, plaintiff had a documented history of neck problems stemming from a 2015 motor vehicle accident, exacerbated by a work-related head injury in 2017. (Dkt. #8 at 23-24). A May 21, 2018 MRI of the cervical spine showed spondylosis, diffuse disc herniation and spurring, moderate foraminal narrowing at C5-6, and mild foraminal narrowing at C3-4 and C4-5. (Dkt. #8 at 24, 519). At subsequent treatment visits, plaintiff presented with severely restricted range of motion in her neck, herniated discs in both the cervical and lumbar spine, weakness and diminished reflexes in her right arm, and positive straight leg raising tests on the right side, and was ultimately prescribed a quad cane for ambulation. (Dkt. #8 at 24, 455, 575-80). Plaintiff underwent surgery for her cervical disc herniation on January 30, 2019, and post-surgical imaging within two weeks of the surgery appeared to show "satisfactory postoperative appearance" with no immediate complications. (Dkt. #8 at 24, 621, 638). However, plaintiff continued to report neck pain thereafter. (Dkt. #8 at 25, 584-86).

Because the ALJ's explanation for rejecting Dr. Schwab's (and to a lesser extent, Dr. Poss's) opinions was factually erroneous, and because the incorporation of additional head-turning and/or reaching limitations in plaintiff's RFC had the potential to render the Grids inapplicable and require the introduction of vocational expert testimony to meet the Commissioner's burden at Step Five, remand is necessary.

Further, while the ALJ did not list plaintiff's 2019 neck surgery among his reasons for rejecting Dr. Schwab's or Dr. Poss's 2018 opinions, to the extent that the ALJ implicitly concluded that the medical opinions were stale or otherwise irrelevant because post-surgical "imaging showed studies showed [sic] no significant pathology," (Dkt. #8 at 25, 621, 638) the ALJ

erroneously substituted his own layperson interpretation of raw medical findings for expert medical opinion, and remand is nonetheless required.

### B. Medical Opinions Concerning Plaintiff's Mental RFC

The ALJ made similar errors in considering the medical opinions assessing plaintiff's mental RFC.

The record contained two medical opinions with respect to plaintiff's mental RFC. Consulting psychologist Dr. Gregory Fabiano examined plaintiff on November 21, 2018. Objective testing showed impaired attention and concentration and impaired memory, which Dr. Fabiano attributed to low effort and distractibility, and her intellectual functioning appeared to be below average. Dr. Fabiano diagnosed chronic adjustment disorder with depression, and assessed, in addition to several mild limitations, "moderate" limitations for performing complex tasks, regulating emotions, controlling behavior, maintaining well-being, sustaining concentration, and performing tasks at a consistent pace. (Dkt. #8 at 441-45).

The ALJ found Dr. Fabiano's opinion "not persuasive," because plaintiff had no history of psychiatric hospitalizations or outpatient treatment, and had reported physical difficulties with laundry and shopping that conflicted with statements she made to Dr. Schwab the same day. The ALJ also found that "evidence," which he did not specify or describe, "does not objectively substantiate more than minimal mental restrictions for any continuous 12-month period." (Dkt. #8 at 20).

State agency psychologist Dr. E. Selesner reviewed the record, and determined that plaintiff had a depressive, bipolar, or similar disorder, and was moderately limited in the ability to respond to changes in the work setting. (Dkt. #8 at 72-73). The ALJ found this opinion "not persuasive," because plaintiff's "mental status examination was benign and claimant has no history

of mental health treatment." (Dkt. #8 at 20). It is unclear which "mental status examination" the ALJ was relying upon, but to the extent the ALJ was referring to Dr. Fabiano's consultative examination, the ALJ's characterization was erroneous. Dr. Fabiano's findings were not wholly "benign," but included objective assessments of impaired concentration and memory, a diagnosis of chronic adjustment disorder with depression, and a number of associated mild and moderate limitations. (Dkt. #8 at 441-45).

Because the ALJ rejected all of the medical opinion evidence of record with respect to plaintiff's mental RFC, the ALJ's finding that plaintiff had no severe mental health impairments, and required no accommodations for mental health symptoms, was based solely on his own layperson interpretation of the evidence. In any event, the ALJ was required to explain how his RFC determination accounted for the limitations he had identified in the special technique and claimed to have incorporated into plaintiff's RFC, or else to explain why no accommodations were necessary.

In summary, while an ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony,' [the ALJ] cannot simply selectively choose evidence in the record that supports his conclusions." *Gecevic v. Secretary of Health & Human Servs.*, 882 F. Supp. 278, 286 (E.D.N.Y.1995) (*quoting Fiorello v. Heckler*, 725 F.2d 174, 176 (2d Cir.1983)). By rejecting the opinions of every treating or examining source in the record on bases that were factually erroneous or insufficiently supported, I find that the ALJ improperly substituted his "own expertise or view of the medical proof [in place of] any competent medical opinion." *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

Because I find that the ALJ erred in his assessment of the evidence of record, and that remand for further proceedings and the issuance of a new decision is necessary, I decline to reach plaintiff's alternative arguments.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #11) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied, and this matter is remanded for further proceedings.

On remand, the ALJ should reassess the evidence of record, applying the proper standards to the medical opinions of record and soliciting additional and updated medical opinions with respect to plaintiff's post-surgical RFC, and render an entirely new decision which provides a detailed explanation of the evidence of record supporting the ALJ's findings, identifies the weight given to each medical opinion of record, and explains the reasons that opined limitations are adopted or rejected.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 20, 2023.